# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                      4:05-CR-00027-JMM

**ROLAND HARRISON**

## ORDER DENYING SENTENCE REDUCTION

Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 48). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008. After reviewing the case, I find that Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction. Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be more than the sentence that was imposed. In such cases, the defendant is not entitled to a sentence reduction.

Defendant was originally sentenced to a statutory maximum sentence of 48 months. His original guideline range was 168 to 210 months. Applying the amended version of § 2D1.1, the revised guideline range is 140 to 175 months. Both the original and recalculated guideline ranges applicable in this case are <u>greater</u> than the 48 month statutory maximum sentence that was imposed. Additionally, Defendant is serving a sentence determined by statute rather than the sentencing guidelines.

## CONCLUSION

Since Defendant's sentence is unaffected by the retroactive crack cocaine amendment to § 2D1.1, the Motion to Reduce Sentence (Doc. No. 48) is DENIED.

IT IS SO ORDERED this 5th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE